[No. B240522. Second Dist., Div. Five. Mar. 29, 2013.]

HARTWELL HARRIS, Plaintiff and Respondent, v.
BINGHAM McCUTCHEN LLP et al., Defendants and Appellants.

1400

## COUNSEL

Bingham McCutchen, Debra L. Fischer, Robert A. Brundage and Jessica S. Boar for Defendants and Appellants.

Law Offices of Tamara S. Freeze, Tamara S. Freeze, Robert Odell and Allison Lin for Plaintiff and Respondent.

## OPINION

O'NEILL, J.*—

### I.  INTRODUCTION

Defendants, Bingham McCutchen LLP, Seth Gerber and Jonathan Loeb, appeal from an order denying their petition to compel plaintiff, Hartwell Harris, to arbitrate her California employment discrimination and wrongful termination claims. We affirm because the trial court did not err in concluding the arbitration provision was unenforceable under Massachusetts law, which the parties agreed applied to the employment relationship.

### II.  BACKGROUND

On November 21, 2011, plaintiff filed the complaint against Bingham and two individuals. She alleged defendants wrongfully terminated her in February 2011, after she requested reasonable accommodations for a disabling sleep disorder. The complaint alleged nine causes of action: six for violations of the California Fair Employment and Housing Act (Gov. Code, § 12940) and additional claims for a termination in violation of public policy, Business and Professions Code Section 17200 et seq. and defamation.

Defendants petitioned to compel arbitration of the claims based on a letter agreement between plaintiff and Bingham dated April 25, 2007. Paragraph 8 of the letter agreement contains the following arbitration provision: "You and the Firm agree that any legal disputes which may occur between you and the Firm and which arise out of, or are related in any way to your employment with the Firm or its termination, and which disputes cannot be resolved

*Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

informally, shall be resolved exclusively through final and binding private arbitration before an arbitrator mutually selected by you and the Firm. If you and the Firm are unable to agree upon an arbitrator within twenty-one (21) days after either you or the Firm has made a demand for arbitration, the matter will be submitted for arbitration to the Santa Monica office of the Judicial Arbitration & Mediation Services ('JAMS'), and shall be administered by JAMS pursuant to its rules governing employment arbitration in effect as of the date of this letter agreement. Judgment upon the award of the arbitrator may be enforced in any court having jurisdiction thereof."

Plaintiff opposed the arbitration petition on the ground the provision was unenforceable under the letter agreement's choice-of-law provision applying Massachusetts law to the employment relationship. The choice-of-law provision provides in part: "This letter agreement . . . shall be construed in accordance with the internal substantive laws of The Commonwealth of Massachusetts." Plaintiff asserted that Massachusetts substantive law as stated in *Warfield v. Beth Israel Deaconess Medical Center, Inc.* (2009) 454 Mass. 390, 398 [910 N.E.2d 317] (*Warfield*), precluded arbitration of her statutory discrimination claims. This was because *Warfield* required agreements to arbitrate statutory discrimination be in clear and unmistakable terms. As an alternative argument, plaintiff asserted the arbitration clause was not enforceable because it was substantively and procedurally unconscionable.

Defendant replied *Warfield* was inapplicable because plaintiff's claims were brought for violations of California's statutes. And, *Warfield* was preempted by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) as articulated in the United States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, ___ [179 L.Ed.2d 742, 131 S.Ct. 1740, 1743] (*Concepcion*).

The trial court denied the arbitration petition on the grounds the provision was not enforceable under Massachusetts law; *Warfield* does not interfere with fundamental attributes of arbitration as articulated in *Concepcion*; and the arbitration agreement was unconscionable. Defendants filed a timely notice of appeal from the order denying the petition.

## III.  DISCUSSION

Defendants contend that plaintiff Harris's California statutory claims are governed by California rather than Massachusetts law. That may or may not be true as Harris's lawsuit progresses in the superior court. The issue at hand is whether Harris has properly resorted to the superior court in the first place. To make that determination, defendants would have us conclude that the employment agreement's choice-of-law provision does not govern questions of arbitrability.

██ Neither party challenges the validity of the choice-of law-provision, which, as noted above, applies "the internal substantive laws of The Commonwealth of Massachusetts" to any disputes arising out of the employment relationship. Defendants cite *Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138 [140 Cal.Rptr.3d 492] (*Samaniego*), in support of their contention that California statutory claims, if they survive the choice-of-law provision, are "necessarily" governed by California law. *Samaniego* is distinguishable. It held that California law governed the enforceability of an arbitration clause in an otherwise unconscionable employment agreement which contained an Illinois choice-of-law provision. (*Id.* at p. 1148.) In rejecting the *employer's* attempt to enforce the choice-of-law provision, the court noted, "the same factors that render the arbitration provision unconscionable warrant the application of California law. . . . [E]nforcing [defendant's] choice-of-law provision would result in substantial injustice." (*Id.* at p. 1149.) As noted in *Samaniego*, in California the *weaker* party to an adhesion contract may avoid enforcement of a choice-of-law provision therein where enforcement would result in substantial injustice, as defined by California law. (*Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 918 [103 Cal.Rptr.2d 320, 15 P.3d 1071], citing *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 464 [11 Cal.Rptr.2d 330, 834 P.2d 1148] (*Nedlloyd*).)

In the present case, the stronger party attacks its own choice-of-law provision, and makes no claim that plaintiff used improper means or that the contract is unconscionable. Indeed, defendants make no argument against the choice-of-law provision, except as to the arbitrability issue. They also contend that the employment agreement is *not* unconscionable.

██ California strongly favors enforcement of choice-of-law provisions (*Nedlloyd, supra,* 3 Cal.4th at pp. 464–465), and our courts have upheld application of other states' internal statutes, rules and laws to arbitration contracts. (See *Peleg v. Neiman Marcus Group, Inc.* (2012) 204 Cal.App.4th 1425, 1467 [140 Cal.Rptr.3d 38] (*Peleg*) [applying Tex. savings clause to Cal. statutory claims with respect to arbitration agreement between the parties]; *Guerrero v. Equifax Credit Information Services* (C.D.Cal., Feb. 24, 2012, No. CV 11-6555 PSG (PLAx)) 2012 U.S.Dist. Lexis 150428, pp. *17–*19 [applying S.D. credit card statute, S.D. Codified Laws § 54-11-10, to Cal. parties to arbitration contract which invoked S.D. choice-of-law provision].) The *Peleg* court's ultimate conclusion on the issue before us reads as follows: "Under California choice-of-law rules, Texas law governs whether the Agreement is enforceable because the Agreement's choice-of-law clause adopts Texas law." (*Peleg, supra,* at p. 1467; see *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 476–477 [103 L.Ed.2d 488, 109 S.Ct. 1248] [affirming lower court's decision holding that parties incorporated the Cal. rules of arbitration into their arbitration agreement when they agreed to

Cal. choice-of-law]; *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 387 [25 Cal.Rptr.3d 540, 107 P.3d 217] [Cal. choice-of-law provision incorporated Cal. rules of arbitration into the contract, including the California Arbitration Act]); *Mount Diablo Medical Center v. Health Net of California, Inc.* (2002) 101 Cal. App.4th 711, 722 [124 Cal.Rptr.2d 607] (*Mount Diablo*) [the choice-of-law provision that specifically mentions that "enforcement" of the agreement shall be governed by Cal. law incorporates Cal. rules of arbitration into the contract].)

We agree with the reasoning of the court in *Peleg*, and conclude that Massachusetts law governs the enforceability of the arbitration clause in the employment agreement at issue here.

Next we examine the general nature of Harris's claim, without regard to its statutory basis, then turn to Massachusetts law for guidance on whether the claim must be arbitrated.

■ The gist of Harris's claim is for discriminatory wrongful termination in retaliation for her request to accommodate her sleep disorder. The applicable law is the decision of the Massachusetts Supreme Judicial Court in *Warfield, supra*, 910 N.E.2d at page 326, where, as here, the employment agreement was governed by Massachusetts law. In *Warfield*, the Massachusetts Supreme Judicial Court ruled that a doctor who had been hired as head of anesthesiology at a hospital could proceed with a sexual discrimination lawsuit in court because she was not barred by a mandatory arbitration clause in her employment contract. (*Id.* at pp. 320–321.) The court found the arbitration clause unenforceable because the employment agreement did not explicitly cite gender discrimination as an issue to be decided by arbitration. The court stated, "parties seeking to provide for arbitration of statutory discrimination claims must, at minimum, state clearly and specifically that such claims are covered by the contract's arbitration clause." (*Id.* at p. 326.)

The arbitration clause in this case is strikingly similar to the one in *Warfield*, which generally stated that " '[a]ny claim, controversy or dispute arising out of or in connection with this Agreement or its negotiations shall be settled by arbitration.' " (*Warfield, supra*, 910 N.E.2d at p. 321.) The agreement between plaintiff and defendant reads, "You and the Firm agree that any legal disputes which may occur between you and the Firm . . . shall be resolved exclusively through final and binding . . . arbitration . . . ." Like the hospital's contract in *Warfield*, the present agreement does not state in

clear and unmistakable terms that plaintiff was waiving or limiting any statutory antidiscrimination rights. Accordingly, pursuant to *Warfield*, it is not enforceable under Massachusetts law. Likewise, plaintiff's remaining claims are "so integrally connected" to the antidiscrimination claims, under Massachusetts law, they must "be resolved in one judicial proceeding." (*Id.* at p. 329.)

Defendants' contention that *Warfield* should be narrowly construed to apply only to violations of Massachusetts's antidiscrimination statutes and not to any violations of California antidiscrimination statutes is not persuasive. *Warfield*'s holding is premised on the concept that Massachusetts's antidiscrimination statutes reflect the public policy against workplace discrimination. (*Warfield, supra*, 910 N.E.2d at p. 326.) Likewise, California's antidiscrimination statutes address public policies against workplace discrimination. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1054, fn. 14 [32 Cal.Rptr.3d 436, 116 P.3d 1123]; *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220 [185 Cal.Rptr. 270, 649 P.2d 912]; see *Warfield, supra*, at pp. 325–326 [basing its holding on the N.J. case of *Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.* (2001) 168 N.J. 124, 130–132 [773 A.2d 665] [dealing with N.J. antidiscrimination law in the workplace].) Defendants' interpretation would give defendants the benefit of applying their choice-of-law provision to any employment relationship disputes while depriving plaintiff of Massachusetts law addressing statutory rights against discrimination in the workplace. Defendants cannot have it both ways while claiming the employment agreement is not illusory.

■ Further, defendants were the drafters of a document which required a California employee to be bound by substantive Massachusetts law. Any ambiguity is to be construed against defendants' interest. (*Peleg, supra*, 204 Cal.App. 4th at p. 1445.) The Restatement Second of Contracts, section 206, comment a, provides: "Where one party chooses the terms of a contract, he is likely to provide more carefully for the protection of his own interests than for those of the other party. He is also more likely than the other party to have reason to know of uncertainties of meaning. Indeed, he may leave meaning deliberately obscure, intending to decide at a later date what meaning to assert. In cases of doubt, therefore, so long as other factors are not decisive, there is substantial reason for preferring the meaning of the other party." (Rest.2d Contracts (1979) § 206, com. a, p. 105; see *Mastrobuono v. Shearson Lehman Hutton, Inc.* (1995) 514 U.S. 52, 62–63 [131 L.Ed.2d 76, 115 S.Ct. 1212].)

■ The trial court correctly concluded the arbitration agreement was not enforceable under Massachusetts law as to the claims brought by plaintiff in this case.

But, the question remains whether defendant is correct that Massachusetts law is preempted because it is inconsistent with the Federal Arbitration Act's purposes under standards articulated by the United States Supreme Court in *Concepcion, supra*, 563 U.S. at page ___ [131 S.Ct. at page 1749]. In *Concepcion*, the court determined the Federal Arbitration Act preempted California law that class action waivers in commercial adhesion contracts were unconscionable as stated in *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 [30 Cal.Rptr.3d 76, 113 P.3d 1100]. *Discover Bank*'s rule was preempted because it interfered with the Federal Arbitration Act's purposes and was not applicable to contracts generally. (*Concepcion, supra*, at p. ___ [131 S.Ct. at p. 1749].)

■ Title 9 United States Code section 2 provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) The Federal Arbitration Act "preempts a state law that withdraws the power to enforce arbitration agreements . . . ." (*Southland Corp. v. Keating* (1984) 465 U.S. 1, 16, fn. 10 [79 L.Ed.2d 1, 104 S.Ct. 852].) But, to the extent a state law is not inconsistent with the Federal Arbitration Act's policies, choice-of-law clauses are interpreted to incorporate the chosen state's laws governing the enforcement of arbitration agreements. (*Mount Diablo, supra*, at p. 725; see *Peleg, supra*, at pp. 1466–1467 [under Cal. choice-of-law rules, the agreement's choice-of-law clause governs whether the agreement is enforceable under chosen state].)

■ The Massachusetts Supreme Judicial Court has concluded that requiring a clear and unmistakable limitation or waiver of statutory antidiscrimination rights does not interfere with the purposes of the Federal Arbitration Act. (*Warfield, supra*, 910 N.E.2d at p. 326; accord, *Joule, Inc. v. Simmons* (2011) 459 Mass. 88, 96 [944 N.E.2d 143].) *Warfield* noted that both federal and Massachusetts law have strong public policies favoring arbitration as a speedy and relatively inexpensive means to resolve disputes. (*Warfield, supra*, at pp. 325–326; accord, *Joule, Inc. v. Simmons, supra*, 944 N.E.2d at p. 149; see *Concepcion, supra*, 563 U.S. at pp. ___, ___ [131 S.Ct. at pp. 1742, 1745].) More specifically, *Warfield* explained its rule is consistent with federal law. (*Warfield, supra*, at p. 326.) *Warfield* stated in this regard: "[The] rule states only that as a matter of the Commonwealth's general law of contract, a private agreement that purports to waive or limit—whether in an arbitration clause or on some other contract provision—the employee's otherwise available right to seek redress for employment discrimination

through the remedial paths set out in [Massachusetts General Laws chapter] 151B, must reflect that intent in unambiguous terms." (*Id.* at p. 326, fn. omitted.) The Massachusetts Supreme Judicial Court further stated: "In relation to an arbitration clause, the rule continues to uphold the language and generous spirit of the [Federal Arbitration Act] and the Commonwealth's own public policy in favor of arbitration agreements: parties to an employment contract are free to agree on arbitration of statutory discrimination claims, and the presumption of arbitrability is in effect." (*Id.* at p. 326.)

*Warfield* further stated its holding was supported by United States Supreme Court authority in *14 Penn Plaza LLC v. Pyett* (2009) 556 U.S. 247, 258–259 [173 L.Ed.2d 398, 129 S.Ct. 1456]. (See *14 Penn Plaza LLC v. Pyett, supra*, 556 U.S. at pp. 258–259 ["an agreement to arbitrate statutory antidiscrimination claims" in a collective bargaining agreement must be " 'explicitly stated' "]; see *Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 79–80 [142 L.Ed.2d 361, 119 S.Ct. 391] ["union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be clear and unmistakable]; *Metropolitan Edison Co. v. NLRB* (1983) 460 U.S. 693, 708 & fn. 12 [75 L.Ed.2d 387, 103 S.Ct. 1467] [union could waive statutory right under the National Labor Relations Act, 29 U.S.C. § 158(a)(3), to be free of antiunion discrimination but "waiver must be clear and unmistakable"].)

In addition, we note that the *Concepcion* opinion itself contains language supportive of the *Warfield* court's conclusion on the preemption issue. Footnote 6 of Justice Scalia's majority opinion reads as follows: "Of course States remain free to take steps addressing the concerns that attend contracts of adhesion—for example, requiring class-action-waiver provisions in adhesive arbitration agreements to be highlighted. Such steps cannot, however, conflict with the FAA or frustrate its purpose to ensure that private arbitration agreements are enforced according to their terms." (*Concepcion, supra*, 563 U.S. at p. ___, fn. 6 [131 S.Ct. at p. 1750, fn. 6].) This language suggests the Supreme Court would approve of the requirement at issue here, that contractual waivers of statutory antidiscrimination litigation rights must be expressly stated to be enforceable.

Given these standards, *Warfield*'s holding does not interfere with the fundamental attributes of arbitration as stated in *Concepcion*.

Thus, plaintiff was not required to arbitrate her antidiscrimination claims.

## IV.  DISPOSITION

The order denying the petition to compel arbitration is affirmed.[1] Plaintiff Hartwell Harris is awarded her costs on appeal.

Armstrong, Acting P. J., and Kriegler, J., concurred.

A petition for a rehearing was denied April 29, 2013, and appellants' petition for review by the Supreme Court was denied June 19, 2013, S210570.

---

[1] In light of our resolution of the issues discussed above, we need not consider plaintiff's contention that the instant employment agreement is unenforceable because it is unconscionable.